# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**ABEL LOPEZ** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:06-CR-179 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and the~~ safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with being a felon in possession of a firearm. When police entered his residence, defendant was found in a bedroom. He was told to show his hands in both English and Spanish. He kept hiding his right hand and a firearm was found hidden under his right leg. At least 6 tazer shots and 5 officers were required to subdue defendant. The defendant had been arrested the previous day for striking his girlfriend with a skillet. Defendant had ownership in the house, children and employment. Defendant admits using cocaine intermittently for the past 5 years. Defendant has a number of convictions, mostly for misdemeanors. However, one of these was a conviction (continued on next page)

### Part II - Written Statement of Reasons for Detention

find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure the presence of the defendant, and by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community. I find the presumption of flight has been rebutted by defendant's home ownership, employment and family, but that the government has nevertheless shown by a preponderance of the evidence that defendant is a risk of non-appearance based upon (continued on next page)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 25, 2006

_/s/ Hugh W. Brenneman_
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:06-cr-00179-PLM    ECF No. 52, PageID.88    Filed 08/03/06    Page 2 of 2

United States v. **ABEL LOPEZ**
1:06-CR-179
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

for fleeing a police officer in January 2004. Also, the Pretrial Services report for co-defendant Alicia Marie Gonzalez shows that Abel Lopez also fled the police both by car and on foot in January 1998.

**Part II - Written Statement of Reasons for Detention** - (continued)

his two previous documented instances of attempting to flee and elude the police, and his considerable struggle with the police attempting to arrest him in this instance.

Further, I find he has not rebutted the presumption that he is a danger to the community, since there is nothing about his home life that has deterred him from behavior leading to his present charges.